## Commonwealth v. Fleming

*Salvador J. Salazar,* Assistant District Attorney, for Commonwealth.

*Justin McCarthy,* for defendant.

FRANCIOSA, J., October 16, 1972.—A jury has convicted defendant of operating a motor vehicle while under the influence of intoxicating liquor. At trial, the Commonwealth introduced the results of a chemical test of defendant's breath. The test had produced a reading of 0.24 percent. That amount of alcohol by weight in the blood of the person tested gives rise to a presumption that such person was under the influence of intoxicating liquor: Act of April 29, 1959, P. L. 58, as amended, 75 PS §624.1(c)(3).

Defendant challenges, via a motion for a new trial, the admissibility of all testimony relating to the chemical test of his breath. He asserts: (1) that the Commonwealth failed to prove the test was administered by "qualified personnel"; and (2) that the trial judge erred in refusing to strike the testimony of a laboratory technician, since notes showing the "exact calculations" used to obtain the test result were not available at the time of trial. Both of these contentions must be rejected.

The pertinent statutory provisions applicable to the first contention are in section 624.1(a), supra. That section requires the use of equipment approved by the secretary,[1] and the administering of the test by "qualified personnel." As set forth in the statute, "Qualified personnel means a physician or a police

---

[1] Originally the Secretary of Revenue, but now the Secretary of Transportation.

officer who has received training in the use of such equipment[2] in a training program approved by the secretary."

In the instant case, the Commonwealth proved the qualifying factors governing the competency of the evidence relating to the chemical test of defendant's breath. At the time of the offer of such evidence, the Commonwealth introduced a certified copy of the current rules and regulations of the Department of Transportation. These rules and regulations have been promulgated under the authority of section 624.1 of The Vehicle Code. The evidence in this case was that the equipment used was a "Mobat Sober Meter Model II." In part I, sec. 5, of the rules and regulations, the secretary has specifically approved equipment identified by that trade name.

The "Mobat" test was administered by Officer Gawlik, of the Bethlehem Police Department. He testified that he had been trained at the Public Service Institute. His course of instruction consisted of an eight-hour program designed by the Department of Public Instruction. Along with this oral testimony, the officer's "Certificate of Attainment" was received into evidence as Commonwealth Exhibit No. 1. In order to qualify as an approved course of instruction, a training program must consist of a minimum of six hours of instruction in courses enumerated in part II, sec. 10, of the secretary's rules and regulations. On the face of the "Certificate of Attainment" issued to Officer Gawlik by the Department of Public Instruction, there appears a listing of the course of instruction. A comparison of that listing with the applicable rules and regulations establishes that Officer Gawlik has suc-

---

[2] The words "such equipment" refers to equipment which has been approved under rules and regulations promulgated by either the Secretary of Revenue or the Secretary of Transportation.

cessfully completed a course of training qualifying him to operate the type of equipment used to test defendant's breath.

Defendant's second contention does not merit extended discussion. The qualifications of Miss Lauchnor, a laboratory technician, were not disputed at trial. The technician's disclosure of the test result was preceded by testimony detailing all the procedures which were followed in performing the test. The procedures were again closely reviewed on cross-examination. The direct and cross-examinations indicate that the foundation of the technician's testimony was her personal observations. In our opinion, the notes showing her exact calculations may be characterized as mechanical in nature and not affecting admissibility. See Commonwealth v. Thomas, 448 Pa. 42, 292 A. 2d 352 (1972).[3]

Having found the results of the chemical test admissible, there is ample evidence to support defendant's conviction. His alternative motion in arrest of judgment is also denied.

## ORDER OF THE COURT EN BANC

And now, to wit, October 16, 1972, for the reasons set forth in the foregoing opinion, defendant's motion in arrest of judgment and motion for a new trial are herewith denied. Defendant is directed to appear for sentencing on October 23, 1972, at 10:30 a.m., in Courtroom No. 4, Northampton County Court House, Easton, Pa.

---

[3] In Thomas, the absence of testimony concerning the preparation of microscopic slides was held not to vitiate the integrity of the evidence chain and results of the examination were received from a witness other than the party who placed the brushings under the microscope.